IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN M. CALDWELL and MARY F. CALDWELL,

    Plaintiffs,

v.

NORTHERN PACIFIC MORTGAGE CORPORATION, et al.,

    Defendants.

NO. C10-05306 TEH

ORDER REMANDING CASE

This matter came before the Court on Plaintiffs' motion to remand. For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

**BACKGROUND**

Plaintiffs Mary and John Caldwell ("the Caldwells" or "Plaintiffs") purchased a home at 28065 Quercus Court, Hayward, California, in 2000. Several years later they entered into three loans secured by deeds of trust against the property. Defendant Northern Pacific Mortgage Corporation ("Northern") made one of these loans to the Caldwells for $705,000 on or around April 22, 2005. The loan was subsequently assigned to Defendant CitiMortgage, Inc. ("CitiMortgage"). CitiMortgage recorded a Notice of Default on May 21, 2010, and later assigned the loan to PennyMac Loan Services, LLC ("PennyMac"). The Caldwells filed their initial Complaint against Northern, CitiMortgage, and roughly a dozen other defendants in Alameda County Superior Court on October 29, 2010. The Complaint alleged violations of state and federal law. Defendant Private National Mortgage Acceptance Company, LLC ("PMNAC"), removed the case to this Court on November 23, 2010. After a hearing on motions to dismiss the initial Complaint, Plaintiffs filed a First Amended Complaint ("FAC") on February 9, 2011. The FAC contains eight claims alleging violations

1  of state law. One of these claims alleges a violation of California's Unfair Competition Law
2  ("UCL"), California Business and Professions Code section 17200. Plaintiffs contend that
3  Defendants violated the UCL when they failed to comply with the federal Truth in Lending
4  Act ("TILA"), 15 U.S.C. section 1601, and California Civil Code sections 2923.5 and
5  2923.6.

6  The day after Plaintiffs filed the FAC, on February 10, 2011, they filed an ex parte
7  application for a temporary restraining order and an order to show cause as to why a
8  preliminary injunction should not issue. Plaintiffs sought to delay a Trustee's Sale of their
9  home scheduled for February 14, 2011. The Court granted a temporary restraining order and
10 scheduled a hearing on February 24, 2011. At that hearing, the Court asked Plaintiffs
11 questions aimed at discerning whether, in light Plaintiffs' intention to proceed under the
12 FAC, the Court had jurisdiction over this case. Plaintiffs requested additional time to
13 determine the answers to the Court's questions. The Court granted Plaintiffs' request, and
14 just before a hearing on March 11, 2011, Plaintiffs filed the instant motion to remand.
15 Defendants oppose the motion.

**LEGAL STANDARD**

A case brought in state court that gives rise to federal subject matter jurisdiction may be removed by the defendant to federal court. 28 U.S.C. § 1441(a). The two bases for federal subject matter jurisdiction are: (1) federal question jurisdiction, 28 U.S.C. § 1331; and (2) diversity jurisdiction, 28 U.S.C. § 1332. A court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The existence of federal question jurisdiction is ordinarily determined from the face of the complaint." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). However,

> [u]nder the artful pleading doctrine, a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint . . . . The artful pleading doctrine allows courts to

United States District Court
For the Northern District of California

> delve beyond the face of the state court complaint and find federal question jurisdiction by characterizing a plaintiff's state-law claim as a federal claim.

*Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (citation and quotation marks omitted).

> Since its first articulation . . . courts have used the artful pleading doctrine in (1) complete preemption cases, and (2) substantial federal question cases. Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question.

*Id.* at 1041-42 (internal citations and quotation marks omitted).

Generally speaking, the propriety of removal jurisdiction is determined "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical*, 159 F.3d at 1213. While a plaintiff cannot compel remand by subsequently dismissing all claims giving rise to federal jurisdiction, see *id.*, when all federal claims are removed from the case "it is generally within the court's discretion either to retain jurisdiction or adjudicate the pendent state claims or remand them to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). While the court must consider "the values of economy, convenience, fairness, and comity," "it is generally preferable for a district court to remand remaining pendent claims to state court." *Id.* "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

3

## DISCUSSION

### I. Plaintiffs' Motion to Remand

The parties agree that at the time this case was removed, this Court had federal question jurisdiction.[1] They disagree as to whether the FAC pleads federal claims, and if it does not, whether the Court should exercise supplemental jurisdiction over Plaintiffs' state law claims.

### A. Whether the FAC Contains Federal Claims

Defendants argue that because Plaintiffs' UCL claim is predicated upon federal law, the Court does not have discretion to remand this case to state court. They cite *Moore v. Chase Bank*, No. 08-0350 SC, 2008 WL 314664 (N.D. Cal. Feb. 4, 2008), another case in which the plaintiff's UCL claim alleged a violation of TILA. In *Moore*, the court held that the plaintiff's "repeated invocation of federal law in his Complaint . . . belies the fact that resolution of questions of federal law underpin Plaintiff's claims." 2008 WL 314664, at *1. There the plaintiff's UCL and fraud claims rested at least in part on federal law, and the complaint invoked several federal statutes and regulations. Here, whether Defendants violated TILA is the only federal issue referenced in the FAC. Several mentions of TILA violations, where TILA is one of three bases for a UCL claim, do not compel the Court to determine that federal law underpins the claims in the FAC.

The Ninth Circuit has held that "the invocation of [federal law] as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." *Rains v. Criterion Syst.*, 80 F.3d 339, 345 (9th Cir. 1996). In light of *Rains*, various district courts have come to the conclusion, in nearly

---

[1] In their papers, Defendants CitiMortgage and CR Title Services appear to raise the issue of whether the Court has diversity jurisdiction. They point out that Plaintiffs have represented to the Court that they are residents of Texas and allege in the FAC that diversity jurisdiction exists. Diversity is not determined by residency or by the FAC's invocation of diversity jurisdiction. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). Thus these facts, without more, do not give rise to diversity jurisdiction.

4

identical circumstances, that "the complaint's references to federal law do not convert the UCL claim into a federal cause of action." *Montoya v. Morgageit Inc.*, No. C. 09-05589 SI, 2010 WL 546891, at *3 (N.D. Cal. Feb. 10, 2010); *see also Tran v. Metrocities Mortgage LLC*, No. C10-00528 JF, 2010 WL 1924713 (N.D. Cal. May 12, 2010); *Briggs v. First Nat'l Lending Servs.*, No. C10-00267 RS, 2010 WL 962955, at *3 (N.D. Cal. Mar. 16, 2010).

"When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346. Thus because Plaintiffs' UCL claim is supported by state-law theories of liability, the claim is not necessarily federal in character, and the Caldwells' right to relief does not depend on the resolution of a disputed federal question. *See Lippit*, 340 F.3d at 1041-42. This conclusion is not overcome by the fact that the FAC makes passing reference to federally mandated loan disclosures and other allegations that could support a TILA violation. And the fact that the Caldwells used the word "predicated" to plead their UCL claim is immaterial. Accordingly, the FAC does not allege federal claims.

**B. Supplemental Jurisdiction**

Where federal claims giving rise to federal question jurisdiction have dropped out of the litigation, the Court has discretion to remand the case to state court. *See Harrell*, 934 F.2d at 205. Defendants argue that fairness requires the Court to retain jurisdiction in this case. They cite *Carnegie-Mellon University*, which states that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction support a remand in this case." 484 U.S. at 357. Defendants point to irregularities in Plaintiffs' prosecution of this case, and argue that "[i]t cannot be more clear that Plaintiffs dismissed their federal claims after removal in order to get back to state court and to further delay the pending foreclosure proceedings." Defs.' Opp'n, ECF No. 68, at 12-13. The Court disagrees. While it is true that Plaintiffs' conduct has been irregular, there is no indication that this

5

irregularity was the result of anything other than the confusion that would normally accompany a substitution of counsel on the eve of a foreclosure sale.

The values of judicial economy and comity favor remand. This case is in its early stages. It was removed in November 2010. Few federal resources have been expended deciding the issues in this case, which are now almost exclusively questions of state law. There is no reason for this Court to retain jurisdiction over state causes of action where state courts are equally competent and more familiar with the governing law. As to convenience, the Court has no reason to believe that this Court is any more convenient to the parties than state court would be. Accordingly, Plaintiffs' motion to remand is GRANTED.

## II. The Parties Requests for Sanctions/Attorneys' Fees

In their motion to remand, Plaintiffs ask the Court to award attorneys' fees and costs incurred "in attacking an insufficient removal." Mot. at 8. While 28 U.S.C. section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses . . . ," Plaintiffs have articulated no basis for awarding attorneys fees. Removal to federal court was proper because Plaintiffs' original Complaint gave rise to federal question jurisdiction. The basis for remand did not arise until Plaintiffs filed the FAC. It would hardly be appropriate to award fees and costs under these circumstances.

Defendants seek an order to show cause as to why sanctions should not be imposed against Plaintiffs under Rule 11(b) of the Federal Rules of Civil Procedure. They argue that various errors contained in Plaintiffs' motion to remand violate counsel's certification that the motion's "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). The Court will not issue the order Defendants seek. Insofar as Defendants' request is a motion for sanctions, it is procedurally defective. "A Rule 11 motion for sanctions must be served on opposing counsel twenty-one days before filing the motion with the court, providing the opposing counsel a 'safe harbor . . . to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions.'" *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (2009) (quoting *Barber v. Miller*, 146 F.3d 707, 710 (9th

Cir.1998), and citing Fed. R. Civ. P. 11(c)(2)). Defendants' failure to provide notice precludes their request for Rule 11 sanctions.

**CONCLUSION**

Plaintiffs' motion to remand this action to Alameda County Superior Court is GRANTED. Plaintiffs' request for attorneys' fees and costs is DENIED. Defendants' request for an order to show cause regarding Rule 11 sanctions is DENIED. Because the Court no longer has jurisdiction over this case, Defendants' pending motions to dismiss and Plaintiffs' request for temporary restraining order and preliminary injunction are VACATED.

**IT IS SO ORDERED.**

Dated: 4/4/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

7